UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| JACKIE ROBERTS, | ) |
| Petitioner, | ) Civil No. 0: 16-131-HRW |
| v. | ) |
| JANISSE BISHOP, Acting Warden, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Jackie Roberts has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the imposition of prison disciplinary sanctions. [D. E. No. 1] This matter is before the Court to conduct an initial screening of Harris's petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

On October 5, 2015, Officer Grose was conducting surveillance of the prison recreation grounds via security camera when he noticed three inmates smoking near a small shelter on the yard. He radioed this information to Officer Ison, who approached the area and saw the three men, including Roberts, sitting at a table passing around a single cigarette and exhaling smoke. Ison searched the inmates but didn't find the cigarette. [R. 1-1 at 4] Roberts was initially charged with Smoking Where Prohibited, a Code 332 disciplinary offense, but that charge was

1

later amended to Possession of Non-Hazardous Contraband, a Code 331 offense. [R. 1-1 at 1, 2]

A Disciplinary Hearing Officer ("DHO") held a hearing on October 28, 2015. In response to the charges, Roberts issued a blanket denial, contending that neither he nor his associates were smoking at all. Unconvinced, the DHO relied upon the statements of both reporting officers that they saw Roberts smoking. Roberts also complained that he couldn't be found guilty of possessing a cigarette since it was never found. The DHO noted that the Officer Ison saw him exhaling cigarette smoke, a clear indication that he had possessed a cigarette. The DHO also noted that cigarettes found in prison are often handmade and much smaller than their commercial counterparts, and hence can be quickly swallowed by the inmate or thrown into grass where they can be very difficult to find. The DHO found Roberts guilty of the offense and imposed various sanctions, including the disallowance of fourteen days of good conduct time. [R. 1-1 at 3-6]

Roberts appealed the disciplinary conviction on numerous grounds, but the BOP's Mid-Atlantic Regional Office denied his appeal in January 2016. In doing so, it invoking its authority pursuant to BOP Program Statement 5270.09 to modify the charge to Smoking Where Prohibited (the original charge), and an amended DHO Report was issued shortly thereafter. [R. 1-1 at 7-13] Roberts indicates that the BOP's Central Office never responded to his final appeal.

When a prison disciplinary board takes action that results in the loss of good time credits in which the prisoner has a vested liberty interest, the Due Process Clause requires prison officials to observe certain protections for the prisoner. Specifically, the prisoner is entitled to advanced notice of the charges, the opportunity to present evidence in his or her defense, whether through live testimony or documents, and a written decision explaining the grounds used to determine guilt or innocence of the offense. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Further, the findings used as a basis to revoke good time credits must be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Selby v. Caruso*, 734 F. 3d 554, 559 (6th Cir. 2013).

Roberts's challenge to the sufficiency of the evidence is without merit. This Court's review of whether there was "some evidence" to support the DHO's factual determinations is extraordinarily deferential: "[a]scertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56 (emphasis added). Two officers saw Roberts and the other inmates smoking, first by surveillance camera and then in person. The officers were not required to obtain physical evidence of the cigarette; their personal observations of Roberts

3

smoking provided more than sufficient evidence to find him guilty of either smoking in an unauthorized area or possession of contraband. The disciplinary conviction was therefore supported by some evidence and comports with the requirements of due process.

Roberts also complains that: the Unit Disciplinary Committee took six days to amend the Incident Report after it was first issued; he never received a copy of the UDC's findings and recommendations; the DHO who conducted the hearing was an officer from his prison rather than an "outside" DHO from another prison; and MARO amended the charge for which he was found guilty. Each of these actions were taken in conformity with BOP regulations, and none provide a basis to disturb his disciplinary conviction.

First, "[t]he UDC will ordinarily review the incident report within five work days after it is issued, not counting the day it was issued, weekends, and holidays." 28 C.F.R. § 541.7(c). The amended incident report was issued on October 11, 2015, one day before the five-day period ended when the date of issuance and weekend days are excluded. The BOP complied with its regulations.

Second, because Roberts was sentenced under the PLRA, see *United States v. Roberts*, No. 6: 11-CR-50-GFVT-1 (E.D. Ky. 2011), the loss of fourteen days of good conduct time was a mandatory sanction for his "moderate severity" offense. 28 C.F.R. §§ 541.4(a)(2), (b)(3). Only a DHO can order good conduct time

forfeited or disallowed, 28 C.F.R. § 541.7(f), so the UDC was required to automatically refer Roberts's incident report to a DHO. 28 C.F.R. § 541.7(a)(4). When it did so, the regulations direct the UDC to state its reasons for the referral and to recommend sanctions, 28 C.F.R. § 541.7(g), but this generally consists of nothing more than a statement that the referral was required so that the DHO can impose the mandatory loss of good conduct time if guilt is found. Roberts was provided with the amended Incident Report the day it was issued and two weeks before the DHO hearing [R. 1-1 at 2], and due process required no more than that. *Wolff*, 418 U.S. at 563-66.

Third, the fact that the DHO was also an officer at the prison does not run afoul of the BOP's regulations. 28 C.F.R. § 541.8(b). It is true that "[a]n impartial decisionmaker is a fundamental requirement of due process that is fully applicable in the prison context." *Gwinn v. Awmiller*, 354 F.3d 1211, 1219 (10th Cir. 2004). But a mere allegation of bias does not undermine the presumption of integrity afforded a prison disciplinary tribunal; instead, the petitioner must provide "some substantial countervailing reason to conclude that a decisionmaker is actually biased with respect to factual issues being adjudicated." *Withrow v. Larkin*, 421 U.S. 35, 46-47 (1975); *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 518 (10th Cir. 1998). Roberts's suggested evidence of bias - the mere fact that the DHO worked with other officers at the prison - is wholly insufficient to establish it:

> While it might well be desirable to have persons from outside the prison system sitting on disciplinary panels, so as to eliminate any possibility that subtle institutional pressures may affect the outcome of disciplinary pressures may affect the outcome of disciplinary cases and to avoid any appearance of unfairness, in my view due process is satisfied as long as no member of the disciplinary board has been involved in the investigation or prosecution of the particular case, or has had any other form of personal involvement in the case.

*Wolff*, 418 U.S. at 592 (Marshall, J., concurring). The DHO was not involved in either the investigation or prosecution of the incident report in this case, and Roberts has provided no viable factual basis to demonstrate or even suggest bias. Cf. *Lasko v. Holt*, 334 F. App'x 474 (3d Cir. 2009).

Finally, the regional office acted within its authority to modify the prohibited action code of which Roberts was found guilty based upon the same facts already found by the DHO. 28 C.F.R. § 541.8(i); Program Statement 5270.09 Ch. 5 (July 8, 2011). In doing so the regional office did not change or increase any sanction imposed and, contrary to Roberts's suggestion, made no new findings of fact. Rather, it merely revised the prohibited action code to conform to its view of the offense supported by the evidence. Nor is there any factual inconsistency between the DHO's findings and the regional office's action: while an inmate might possess a cigarette without smoking it, he cannot smoke a cigarette without possessing it. The amendment of the charge was consistent with BOP regulations
6

and the requirements of due process. Cf. *Sanders v. Zickefoose*, 2015 WL 4729831, at * 7-10 (M.D. Pa. Aug. 10, 2015) (collecting cases).

Accordingly, it is **ORDERED** as follows:

1. Roberts's petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **DISMISSED** and **STRICKEN** from the docket.

This 26th day of September, 2017.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge